## CARMEN GUILBE ET AL., Plffs.,
### *v.*
## CARMEN R. GALLART ET AL., Defts.

---

Ponce, Equity, No. 161.

1. Where a plea to a bill in equity is set down for argument as to its sufficiency, all allegations of fact material to the issue made in the bill and not denied by the plea are to be taken as true for the purposes of such hearing.

2. Under the laws in force in Porto Rico in the year 1878, when the ancestor under whom both parties claim died, recognized natural children had

---

Note.—As to inheritance by, through, or from illegitimate persons, see note to Croan v. Phelps, 23 L.R.A. 753.

no right of inheritance by force of law; and a testator could devise all his property to a relative in a collateral line within the fourth degree.

Opinion filed April 14, 1905.

---

*C. M. Boerman, Esq.,* solicitor for plaintiffs.

*Messrs. Pettingill & Leake,* solicitors for defendants.

McKENNA, Judge, delivered the following opinion:

This case has been heard and submitted on pleas to the bill and supplemental bill, which seek to foreclose mortgage credits on the estate "Fortuna," situated in the barrio of Capitanejo, municipal district of Ponce, and the estate "Cristina," situated in the barrio Armuelas, municipal district of Juana Diaz, the same being a part of the estate of one Jaime Guilbe, deceased.

The complainants allege as their right to and interest in said mortgage credits, that they are recognized natural children of said Jaime Guilbe, deceased.

The pleas of the defendants allege that complainants are not heirs at law of their said natural father, Jaime Guilbe, deceased, for that said Jaime Guilbe left, at his death, a collateral relative within the fourth degree of consanguinity; to wit, a sister, Doña Catalina Guilbe. The facts set up and admitted in the pleadings are that said Jaime Guilbe died about January 28, 1878; that said complainants are his natural children; and that Doña Catalina Guilbe, through whom defendants claim as heirs or assignees, was his sister.

The complaint also alleges that the complainants are the recognized natural children of said Jaime Guilbe, deceased; and this, being undenied in the pleas, is also taken as true for the purpose of determining this question.

Guilbe v. Gallart.

The issue presented to the court for determination is, therefore, whether these complainants as recognized natural children of Jaime Guilbe are his heirs at law, he, upon his death, having a collateral relative within the fourth degree of consanguinity, to wit, a sister, whom, by a last will and testament dated about December 9, 1877, he constituted his universal heir.

The laws in force at the time of the death of Jaime Guilbe were known as "Siete Partidas" and "Novisima Recopilación." The complainants claim that, under these laws or codes, recognized natural children had the same rights of inheritance as legitimate children, and especially so in the absence of legitimate children; but there is no allegation in the bill that the complainants were ever legitimized.

There is no doubt, in the mind of the court, as to the capacity of legitimate children to inherit under the laws cited by complainants, to wit, "Partida" 4, title 15, laws 5 and 9, and "Partida" 6, title 1, law 7; but in no one of these laws is any mention made of the right of inheritance of recognized children (hijos conocidos).

Law 3, title 20, book 10, of the Novisima Recopilación, which appears to be a later law than the Siete Partidas, declares that certain officials of the Church, commissioners of charity, etc., shall not request or demand anything from the heirs or executors of anyone on account of his having died intestate, provided he leaves legitimate issue or collateral relatives within the fourth degree (not making mention of recognized children), and asserts it to be according to the law of the King that nothing can be taken away if such heirs are left.

Article 2 of the royal decree promulgated May 16, 1835, set forth the law in regard to the acquirement of property in the name of the state, and which appears to be of later date

Guilbe v. Gallart.

than either the Siete Partidas or the Novisima Recopilación, clearly contemplated that recognized children had no capacity to inherit under the laws then in force, and that collateral relatives, up to and including the fourth degree of consanguinity, were possessed of such capacity.

The complainants contend that said Royal Decree was not in force in Porto Rico at the time of the birth of complainants and the death of their said father, Jaime Guilbe, but do not seem to be able to sustain such contention.

The court therefore holds that the complainants as natural children of their said father have no capacity to inherit his property, in view of the fact that he died testate and left a collateral relative of the second degree.

The pleas are accordingly sustained, and the bill dismissed at the cost of the complainants.